IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | |
| **JONATHAN F. BENNETT,** | * | **CASE NO. PX-17-258** |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

## MOTION TO CONTINUE VOSR HEARING AND STATUS UPDATE

The United States of America, by and through the undersigned attorney, hereby requests an order continuing the violation of supervised release hearing in this matter for 60 days, until a date after September 27, 2021.   In support of this motion, the Government states as follows:

1. On October 18, 2021, in the Northern District of West Virginia, the Defendant, Jonathan F. Bennett, was sentenced to 30 months' incarceration and 72 months' supervised release following a conviction for distribution of cocaine base.

2. On February 11, 2016, in the Northern District of West Virginia, the Defendant violated his supervised release by failing to report to his probation officer on two separate occasions and was sentenced to approximately one month time served and 71 months of supervised release.

3. The Defendant's second term of supervised release began on November 14, 2016 and is set to expire of October 13, 2022.

4. On December 15, 2020, U.S. Probation filed a Petition on Supervised charging the Defendant with sixteen separate violations of supervised release. The first of these violations occurred on December 6, 2018.   While a number of the alleged violations are technical violations, the Defendant has also been charged with various violations relating to new state criminal charges he has incurred. For example, on October 23, 2020, the Defendant was charged in Berkeley County

Circuit Court, West Virginia with distribution of cocaine base and three counts of distribution of Fentanyl for incidents that occurred between July 18, 2018 and May 6, 2019 (violations 11-13); and on December 4, 2020, the Defendant was charged with possession of a stolen firearm in the Circuit Court for Washington County, Maryland (violations 14-15).

5. If the Defendant is convicted of a Grade A violation (violation 11), with a criminal history Category IV, his guidelines range is 33-41 months, and the statutory maximum term of imprisonment is 36 months. If the Defendant is convicted of the least serious of these violations, a Grade C violation, his guidelines range is 6-12 months.

6. On April 12, 2021, an Initial Appearance was held before the Honorable Magistrate Judge Timothy J. Sullivan. The defendant was ordered detained, and a hearing on this matter was initially scheduled for May 11, 2021.

7. Presently, the defendant has an outstanding arrest warrant in Washington County, Maryland.

8. The parties have discussed a potential resolution to sixteen allegations contained in the December 15, 2020 Petition on Supervised Release. ECF No. 7. The parties have yet to come to an agreement on the proper disposition of violations 4-6, 9, and 16, but expect to be able to come to an agreement on those violations pending the outcome of the state cases in either Washington County or Berkeley County.

9. The parties further agree that the pending case-related violations (violations 11-15) should be held in abeyance pending the outcome of those cases, and that the Defendant should be permitted to resolve those cases.

10. To the extent that the government is able, the government will work to facilitate the Defendant's transportation to either Washington County or Berkeley County such that the Defendant

can work to resolve his charges in those jurisdictions. For example, the government spoke to the Assistant Prosecuting Attorney in Berkeley County who is handling the Defendant's case. Her office obtained a writ for the Defendant in order to appear in Berkeley County, West Virginia, to resolve his pending charges. Discovery has been turned over in that matter. There is pretrial hearing scheduled for August 30, 2021, and a trial scheduled for September 15, 2021.

11. The government respectfully requests that the VOSR hearing be continued for at least sixty days. At that point, the government expects that the charges in Berkeley County, West Virginia will have been resolved.

12. The government's proposed course of action would not cause any prejudice to the Defendant. The Defendant, who is a criminal history category VI, has been charged with one Class A violation, two Class B violations, and thirteen Class C violations. To date, the Defendant has been in USMS custody since April 7, 2021, when he made his initial appearance in the District of Maryland. In sixty days' time, given that the Defendant is a criminal history category VI, he still will be a month below his guidelines range of 6-12 months for one Class C violation of supervised release alone. The government understands from previous conversations with defense counsel that the Defendant is willing to admit many of the Class C violations of supervised release at this time. If the Defendant is convicted of a Class A violation of supervised release, his guidelines range is 33 to 41 months (with a statutory maximum of 36 months). The three counts of Distribution of Fentanyl and Cocaine Base with which Mr. Bennett has been charged with in Berkeley County, West Virginia constitute a Grade A violation.

13. The government has discussed this motion with counsel for the Defendant, who opposes this request.

14. Based on the foregoing, the Government respectfully requests that the Court grant this Motion and continue the hearing on the violation of supervised release in this matter until a date after September 27, 2021.

        Respectfully submitted,

        Jonathan F. Lenzner
        Acting United States Attorney

By:   */s/ Erin B. Pulice*
      Erin B. Pulice
      Assistant United States Attorney